UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| QWANELL S. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-1050-JBM |
| RONDA GUYTON, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), pursues this action under 42 U.S.C. § 1983. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Plaintiff's complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's complaint "may best be characterized as throwing everything up against the wall to see what sticks." *See Nieman v. RLI Corp.*, No. 12-1012, 2012 WL 668453, at *3 (C.D. Ill. Feb. 29, 2012). Plaintiff includes seven separate claims against twenty-two defendants in his complaint related to living conditions at the Jail, medical treatment, law library access, religious accommodations, commissary purchases, an inappropriate comment made by Defendant Allen, and the condition of the van used to transport him to the courthouse. These allegations are not

properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ."). The possibility that Plaintiff may have told many of the same Defendants about the alleged problems does not make these separate incidents part of the same transaction or occurrence.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. It is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

ENTERED: May 10, 2022

                                                          s/ Joe Billy McDade
                                                          Joe Billy McDade
                                                          U.S. District Court Judge